O

# Death Penalty

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO OCHOA,<br><br>  Petitioner,<br><br>  v.<br><br>VINCENT CULLEN, Warden of<br>  California State Prison at<br>  San Quentin,<br><br>  Respondent. | CASE NO. CV 02-7774 RSWL<br><br>**DEATH PENALTY CASE**<br><br>PROTECTIVE ORDER<br>DOCKET ENTRIES #77, 81, 82 |

On January 19, 2011, Petitioner filed an *ex parte* application for a protective order as countenanced by *Bittaker v. Woodford*, 331 F.3d 715.  Respondent and Petitioner both filed subsequent briefing.  This Court by order of February 25, 2011, directed the parties to meet and confer so as to settle a joint protective order, or, if unable to do so, for petitioner to file a proposed protective order and Respondent to file his objections thereto.  The parties were unable to reach agreement, and have taken the latter option.  The Court has read and considered the papers before it, and now rules.

Respondent urges this Court to limit the protective order to the discovery stage of this case, saying to do otherwise could require holding proceedings in a

1  closed court or holding evidence under seal. The Court is aware of those

2  possibilities and will deal with them if they arise. To lift the protection on sensitive

3  materials after completion of discovery would put Petitioner in the same jeopardy

4  of having them used against him at any possible retrial as if no protective order ever

5  existed. The Court is sensitive to the need for the public's access to these

6  proceedings, but they must be balanced against Petitioner's right to a fair retrial.

7  The primary purpose of the seal order is to keep the state from unfairly accessing

8  material developed for habeas purposes at a retrial. It should have been routine to

9  address that concern. Instead, having failed to agree with Petitioner upon a

10  protective order more limited in time and scope, Respondent now argues against the

11  form the order takes because reshaping it later to address other concerns will

12  require more work. The Court will revisit the particulars of the seal order as

13  necessary, unless the parties are yet able to settle an order that addresses

14  Respondent's concerns.

15    Accordingly, this Court enters the following Protective Order regarding (1)

16  documents and materials from trial counsel's files that Petitioner provides to

17  Respondent during this habeas action; (2) any related testimony provided at a

18  deposition or an evidentiary hearing in this matter; and (3) any reference to such

19  documents or testimony in the parties' pleadings submitted to the Court:

20    1. To the extent that the Court will order the production of documents and

21  discovery in this matter that Petitioner contends are subject to claims of privilege or

22  protected from disclosure by the attorney work product doctrine, and to the extent

23  that this Court will order Petitioner's trial counsel's file, including the files of other

24  defense team members, be produced to the Respondent (or Petitioner turns over

25  such documents voluntarily by filing any part of the material as supporting

26  evidence in this action), such discovery shall be subject to this Protective Order and

27

28

shall remain confidential and sealed.[1]  Further, to the extent that this Court will order the taking of the depositions of trial counsel, other members of the defense team, Petitioner, if such deposition is granted, and Petitioner's experts, such discovery shall be subject to this Protective Order and shall remain confidential and sealed. If an evidentiary hearing is held in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed. Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work product doctrine.[2]

2. All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to Ochoa v. Cullen by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to Ochoa v. Cullen by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to

---

[1] To the extent that portions of trial counsel's files have already been turned over to Respondent informally, this protective order shall also apply to those documents.

[2] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine is referred to collectively hereinafter as "privileged" materials.

litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

3.  Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order. If Respondent contends that he needs to disclose Petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall provide to Petitioner's counsel (a) the identity of the individual/s to whom access is going to be provided and (b) Respondent's reasons therefor. Petitioner shall notify Respondent within three court days of his non-opposition or objection to Respondent's proposal. If Petitioner objects to Respondent's proposal, and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days. Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within three additional court days. The Court shall rule on Petitioner's objections before the privileged materials are disclosed. Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Protective Order.

4.  Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

5.  All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting

-4-

their confidential nature and designed to ensure that the privileged material will not become part of the public record. Should an evidentiary hearing be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding. Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

**TO BE FILED UNDER SEAL**
THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

6.  If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7.  Previously Filed or Lodged Papers: No later than sixty (60) days after the filing of this Protective Order, Petitioner shall identify any other previously filed or lodged pleading, order, declaration, transcript or other document or item, or any part thereof, that contains or discloses the substance or content of the privileged

-5-

matter.  For each such item, following consultations with Respondent, Petitioner shall file a redacted version of the item, blocking out the matter comprising the privileged matter; and for each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed Under Seal" caption page and envelope that conform to the Privileged Caption, and the clerk shall insert the filed or lodged item in the envelope, seal the item and re-file it.

8. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

9. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties. Respondent or any other person may apply to have the sealing order lifted following decision in this case and completion of all appeals thereof.

In addition, the parties have asked for direction from the Court regarding the deposition of Petitioner's trial counsel, who is terminally ill.  Having resolved the issue of the applicable protective order, the Court now addresses the scheduling of the deposition.  Petitioner has offered to delay the deposition until three weeks from the date he turns over seven boxes of trial counsel's files to Respondent, but reports that Respondent has stated that he cannot agree to any time frame until he has actually reviewed the files.  Given the press of time, the Court finds that

\           \

\           \

1  Petitioner's proposal is reasonable.  Petitioner may schedule the deposition of trial
2  counsel for any date that is at least **three weeks** after Petitioner provides
3  Respondent with trial counsel's files.

4

5      **IT IS SO ORDERED.**

6

7  Dated:  April 12, 2011

RONALD S.W. LEW

8
The Honorable Ronald S.W. Lew
Senior, U.S. District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-